Filed 7/6/23  P. v. Rivas CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LILIA TERESA RIVAS,<br><br>    Defendant and Appellant. | D080600<br><br><br><br>(Super. Ct. No. RIF1103048) |

APPEAL from an order of the Superior Court of Riverside County, Louis R. Hanoian, Judge.  (Retired Judge of San Diego Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Remanded with directions.

Laura P. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Brendon W. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

Lilia Teresa Rivas appealed from a final judgment following a postjudgment order denying her petition for resentencing under Penal Code[1] section 1172.6.[2]

A jury convicted Rivas of murder (§ 187, subd. (a)) and attempted murder (§§ 664, 187, subd. (a)) of two rival gang members. Rivas filed a resentencing petition in 2021 pursuant to section 1172.6 addressing only her second degree murder conviction. After Rivas filed the petition and before her evidentiary hearing, Senate Bill No. 775 (Stats. 2021, ch. 551) (Senate Bill 775) expanded section 1172.6 to include attempted murder. The trial court denied Rivas's petition as to the second degree murder conviction, and it declined to address her attempted murder conviction because no order to show cause (OSC) had been issued as to that conviction. Rivas contends, and the People concede, the matter should be remanded with instructions for the trial court to issue an OSC to hold an evidentiary hearing on whether Rivas is entitled to resentencing relief on the attempted murder conviction. We agree; thus, we remand the matter with instructions to issue an OSC for an evidentiary hearing on the attempted murder conviction.

FACTUAL AND PROCEDURAL BACKGROUND

On November 4, 2013, a jury convicted Rivas of first degree murder (§ 187, subd. (a)) and attempted murder (§§ 664, 187, subd. (a)) on a theory that she was an aider and abettor of her husband, who shot and killed one

---

[1] Statutory references are to the Penal Code unless otherwise specified.

[2] Assembly Bill No. 200 (Stats. 2022, ch. 58, § 10) renumbered section 1170.95 to 1172.6, effective June 30, 2022.

man and wounded another.[3]  The court sentenced Rivas to prison for 32 years to life.  On May 4, 2016, the trial court reduced Rivas's first degree murder conviction to second degree murder because it had been based on the natural and probable consequences theory of aiding and abetting, and following *People v. Chiu* (2014) 59 Cal.4th 155, 159, superseded by statute as stated in *In re Ferrell* (2023) 14 Cal.5th 593, a first degree premeditated murder conviction cannot be based on a natural and probable consequences theory of aiding and abetting.  The court resentenced Rivas to 22 years to life.

On July 22, 2021, Rivas filed a petition for resentencing regarding her second degree murder conviction pursuant to section 1172.6.  Rivas's appointed counsel submitted briefing on January 12, 2022, after the Legislature amended section 1172.6 to include attempted murder, arguing Rivas should be resentenced on both counts.  The People's response, filed on March 1, 2022, focused solely on Rivas's second degree murder conviction, but it also acknowledged the section 1172.6 amendment.  The trial court issued an OSC regarding why Rivas should not be resentenced, and it later denied Rivas's petition as to the second degree murder conviction, following an evidentiary hearing held on June 24, 2022.  The court did not address the attempted murder conviction because no OSC had been issued as to that conviction.  Rivas timely appealed.

## DISCUSSION

### A.  Guiding Principles

Effective January 1, 2019, Senate Bill No. 1437 (Senate Bill 1437) narrowed liability for murder under the felony-murder rule and eliminated

---

[3]    The underlying facts of Rivas's crime are not relevant to the issue before us.

the natural and probable consequences doctrine.  (§§ 188, subd. (a)(3) & 189, subd. (e); *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1147. (*Anthony*).)

Senate Bill 1437 accomplished this by amending section 188, which defined malice, and section 189, which defined the degrees of murder, to ensure that murder liability was not imposed on a person who was not the actual killer, did not act with intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. (Stats. 2018, ch. 1015, § 1, subd. (f); *Anthony*, *supra*, 32 Cal.App.5th at p. 1147.)

Senate Bill 1437 also created section 1172.6, which provided a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief.  (*People v. Lewis* (2021) 11 Cal.5th 952, 959. (*Lewis*).)  If the petitioner makes a prima facie case showing that the petitioner is entitled to relief, the court must issue an OSC and hold an evidentiary hearing on the petition within 60 days after the OSC has issued. (§ 1172.6, subds. (c) & (d)(1); *Lewis*, at p. 962.)

In October 2021, the Legislature passed Senate Bill 775 amending section 1172.6 to expand eligibility for resentencing to persons convicted of attempted murder under the natural and probable consequences doctrine, effective on January 1, 2022.  (2020-2021 Reg. Sess.; Stats. 2021, ch. 551, § 1.)

## B.  Analysis

The People concede, and we agree, that the trial court should issue an OSC and conduct a hearing to evaluate whether Rivas is entitled to resentencing relief on the attempted murder conviction.

On July 22, 2021, Rivas filed a petition for resentencing under section 1172.6.  The petition only addressed Rivas's second degree murder conviction, not the attempted murder conviction, because at the time

4

section 1172.6 did not include attempted murder. Senate Bill 775, which amended section 1172.6 to include attempted murder under the natural and probable consequences doctrine became effective on January 1, 2022, after Rivas filed her petition.

Although Rivas did not file subsequent or amended petitions after Senate Bill 775 amended section 1172.6 to include attempted murder, section 1172.6 resentencing provisions applied to attempted murder at the time of Rivas's evidentiary hearing on June 24, 2022. Unless the record of conviction proves the defendant is ineligible for resentencing as a matter of law, the court must issue an OSC and conduct an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) Here, the briefs submitted by both Rivas and the People before Rivas's evidentiary hearing alerted the court that her attempted murder conviction could be eligible for resentencing after Senate Bill 775 amended section 1172.6 to include attempted murder. Defense counsel's brief argued Rivas should be resentenced on both counts, and the People's response acknowledged the section 1172.6 amendment that included attempted murder. Thus, the court was aware that Rivas was eligible to seek relief on the attempted murder conviction under section 1172.6. While Rivas could file a new section 1172.6 petition to her attempted murder conviction, judicial economy would not be served by requiring Rivas to file a new petition because the law is clear that she is entitled to an evidentiary hearing. Accordingly, the court must issue an OSC and conduct an evidentiary hearing.

## DISPOSITION

The matter is remanded to the trial court with instructions to issue an OSC and hold an evidentiary hearing on the attempted murder conviction. In all other respects, the order is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

KELETY, J.

CASTILLO, J.

6